PER CURIAM.
 

 David L. McKibben appeals his judgment and sentence for cultivation of cannabis pursuant to his reservation of his right to appeal the denial of his motion to suppress the plants seized from a closet in his home. Because the plants were discovered during a valid “protective sweep” of the dwelling, within the boundaries set out in
 
 Maryland v. Buie,
 
 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990), the denial of the motion to suppress which ultimately resulted in the judgment and sentence is affirmed.
 

 At the hearing on the motion to suppress, two police investigators testified that they arrived at the appellant’s residence, a single-wide mobile home, to serve an arrest warrant on the appellant’s roommate. The officers had been told by onlookers that the roommate was residing with “David.” Shortly after one officer knocked on the door, the other officer saw someone peek out a window. He alerted the first officer of this brief observation and described the person as male, though he was not sure due to the fleeting nature of the sighting. Moments later, the female roommate answered the door. The officers explained that she was to be arrested pursuant to the warrant, and the roommate asked to return inside to retrieve some shoes and other personal items. The officers accompanied her inside to allow her to gather her things. Both investigators testified that as they spoke with the roommate in the living room of the trailer and as she was putting on her shoes, she was “nervous, fidgety” and “looking down the hall.” Although when asked, the roommate told the officers that no one else was at home, her repeated glances down
 
 *1226
 
 the hall leading to the bedrooms “as if she was looking at someone or looking to see if someone was there” prompted one of the investigators to announce the presence of Sheriffs officers, request that anyone there show themselves, and proceed down the narrow hallway to check for any other occupants. Both officers testified that the small size and closely quartered configuration of the modular home would allow a hostile person to attack or, if armed, shoot at them easily and immediately.
 

 The first bedroom accessed from the hallway had no door and, without moving anything in the room, the officer could see fluorescent lighting coming from a closet partially covered with a plastic curtain. Without touching anything, the officer saw several potted plants in the closet which he believed to be cannabis. He went on to look into the other rooms accessed by the hallway, assured himself that they were unoccupied, and returned to the living room within a few minutes. The officers then called another unit to handle the controlled substance matter and they departed the scene to transport the roommate to the county detention facility pursuant to the arrest warrant.
 

 While searches and seizures inside a home without a warrant are “presumptively unreasonable” and thus prohibited by the 4th Amendment
 
 (Payton v. New York,
 
 445 U.S. 573, 586, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)), where a person is arrested in a residence, exceptions may apply. In
 
 Maryland v. Buie,
 
 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990), the Supreme Court stated:
 

 We also hold that as an incident to the arrest the officers could, as a precautionary matter and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched. Beyond that, however, we hold that there must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene.
 

 Maryland v. Buie,
 
 494 U.S. at 334, 110 S.Ct. 1093. The Court further described the limitations on a permissible sweep thusly:
 

 We should emphasize that such a protective sweep, aimed at protecting the arresting officers, if justified by the circumstances, is nevertheless not a full search of the premises, but may extend only to a cursory inspection of those spaces where a person may be found. The sweep lasts no longer than is necessary to dispel the reasonable suspicion of danger and in any event no longer than it takes to complete the arrest and depart the premises.
 

 Buie,
 
 494 U.S. at 335,110 S.Ct. 1093.
 

 The trial court’s finding that the sweep in this case satisfied the requirements of
 
 Maryland v. Buie
 
 was a proper application of the law to the undisputed facts. Both officers testified to articulable facts which led them to believe that the small residence harbored an individual posing a danger to them. The sweep was a cursory inspection of the rooms accessed by the hallway where the roommate repeatedly directed her glances, and lasted no longer than was necessary to dispel the reasonable suspicion of danger.
 

 The fact that the roommate was arrested on a warrant for property crimes not involving violence did not render the arresting officers’ suspicions of danger unreasonable. “The facts on which officers may justify a
 
 Buie
 
 protective sweep are those facts giving rise to a suspicion of danger from attack by a third party during
 
 *1227
 
 the arrest, not the dangerousness of the arrested individual.”
 
 U.S. v. Colbert,
 
 76 F.3d 773, 777 (6th Cir.1996);
 
 Nolin v. State,
 
 946 So.2d 52, 57 (Fla. 2d DCA 2006). The facts articulated by the witnesses supported their suspicion that a person other than the person they had secured was in the home. Both witnesses described the size of the home, the location of the hallway adjacent to the living room where the roommate was secured, and the ease and speed with which an attacker might reach them from any room accessed by the hallway. Cf
 
 . Runge v. State,
 
 701 So.2d 1182 (Fla. 2d DCA 1997) (no testimony on the configuration of the dwelling, no evidence that anyone other than arrested person lived in apartment). These facts, coupled with the other information the officers observed which indicated that the arrested person’s male roommate was at home, justified the sweep of the mobile home and did not constitute an unreasonable search.
 

 Accordingly, the trial court’s denial of the motion to suppress, and the judgment and sentence which eventually resulted from that ruling, are affirmed.
 

 BENTON, PADOVANO, and CLARK, JJ., concur.